LAGESEN, P. J.
*687 Respondent relentlessly contacted petitioner after she ended their romantic relationship. This contact caused petitioner to fear for her physical safety. To stop it, petitioner sought a permanent stalking protective order (SPO) under ORS 30.866. The trial court granted the SPO after respondent waived his right to a hearing and informed the court that he did not contest petitioner's allegations. The court then made a firearms certification, determining that the order "meets the requirements of federal law as set out below and subjects Respondent to federal prosecution for possession, receipt, shipping, transportation, or purchase of firearms * * * while it is in effect." That determination included a finding that petitioner and respondent had the type of qualifying relationship necessary for the firearms certification under federal law. On appeal, respondent assigns error to the trial court's determination that the relationship between petitioner and him was the type that allowed for entry of the firearms certification. For the reasons that follow, we affirm.
The relevant facts are procedural and not disputed. Respondent, who was not represented, waived his right to a hearing and told the trial court he did not contest petitioner's allegations regarding unwanted contacts. The court then determined that those contacts established that petitioner was entitled to an SPO. After explaining the limits that the order placed on respondent's contact with petitioner, the court inquired whether petitioner and respondent had been "involved in a sexually intimate relationship." Petitioner confirmed that the relationship had been sexually intimate. The court then explained to *274 respondent that that fact meant that respondent needed to get rid of any firearms that he possessed and would not be able to possess them upon entry of the SPO.
That came as a surprise to respondent, and the trial court asked if he would prefer to have a hearing on the SPO, explaining that "I understand that's a significant right, and you know, again, I don't want to replace my judgment for yours." Respondent ultimately decided to go forward without a hearing and agreed to make arrangements to dispose of his firearms. The court then entered the SPO. As noted, *688 the order contained a finding that petitioner and respondent had the type of relationship that would mean that the entry of the order would "subject[ ] Respondent to federal prosecution for possession, receipt, shipping, transportation, or purchase of firearms or ammunition while it is in effect." Specifically, the court checked the box on the order next to the line stating that petitioner was "[a] person who does or did cohabit (live in a sexually intimate relationship) with Respondent."
Sometime thereafter, respondent retained counsel and moved to vacate the firearms certification. Respondent argued that the finding about the parties' relationship was based on an "incorrect understanding of the 2015 revisions to ORS [sic ] under Senate Bill 525, codified at ORS 166.255." In support of the motion, respondent's lawyer represented that he had contacted the lawyer who represented petitioner at the SPO hearing and that she had "indicated her belief the restriction was ordered in error" because "her understanding was that Petitioner and Respondent were not 'intimate partners' as defined in ORS 166.255." Petitioner, who was represented by new counsel, opposed the motion on the ground that respondent had not identified any procedural authority for the motion and, in particular, had not demonstrated that the ORCP 71 criteria for vacating an order were satisfied. Following a hearing, the trial court summarily denied the motion. Respondent appealed the SPO and, following the court's entry of the order denying the motion to vacate the firearms certification, amended the notice of appeal to include that order.
On appeal, respondent assigns error as follows: "The trial court erred in ordering a firearm disability pursuant to the grant of a permanent stalking order where Petitioner and Respondent did not cohabitate." In support of that assignment of error, he contends, as he did in his motion to vacate the firearms certification, that the certification is erroneous because, in respondent's view, petitioner does not satisfy the definition of "intimate partner" in ORS 166.255(3)(d) (2015).[1] Respondent points out that *689 that provision defines an "intimate partner" of a person to be "the person's spouse, the person's former spouse, a parent of the person's child or another person who has cohabited or is cohabiting with the person in a relationship akin to a spouse." ORS 166.255(3)(d). According to respondent, that definition demonstrates that he did not have the type of relationship with petitioner that subjects him to a firearms certification because, as petitioner's lawyer acknowledged at the original SPO hearing, the parties were not spouses and never lived together as if they were. Respondent contends that he preserved those contentions in his motion to vacate the firearms certification but that, if the error is not preserved, it qualifies as plain error that we should exercise our discretion to correct.
Respondent may be correct that petitioner was not his "intimate partner" as that term is defined in ORS 166.255(3)(d). But, leaving aside the issues related to preservation, respondent's arguments about ORS 166.255 do not supply a basis for setting aside the firearms certification contained in the SPO. True, both state and federal law were mentioned during the SPO hearing. Nevertheless, the SPO itself contains no findings as to whether petitioner and respondent have the type of relationship described in ORS 166.255(3)(d).[2] By its terms, the firearms certification *275 contained in the SPO addresses only federal law, specifying that it meets "the requirements of federal law," including the relationship requirement, "and subjects Respondent to federal prosecution for possession, receipt, shipping, transportation, or purchase of firearms or ammunition while it is in effect." (Emphases added.) In his briefing to us, respondent has not supplied any arguments addressing the federal law under which the trial court made the firearms certification.[3] *690 For that reason, respondent's arguments fail to demonstrate any error in the certification.
Affirmed.

The legislature substantially amended ORS 166.255 in 2018. The amendments took effect on January 1, 2019. See Or. Laws 2018, ch. 5, § 1. All references to the statute in this opinion are to the 2015 version.

Immediately under the firearms certification, the SPO contains the following notation, indicating that certification has a related event code: "OJIN Event Code: ORBY; LEDS Brady Code: Y." However, nothing in the certification references state law or otherwise indicates that the trial court was making findings under state law standards.

The definition of "intimate partner" under applicable federal provision, 18 USCA § 921(32), is worded slightly differently from ORS 166.255(3)(d). It provides: "The term 'intimate partner' means, with respect to a person, the spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, and an individual who cohabitates or has cohabited with the person."